IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BROOKE L. MOSHER,

        Plaintiff,

v.

LAUREN KOEBEL REED,

        Defendant.

Case No. 3:24-CV-22-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4), Motion for Recruitment of Counsel (Doc. 5), and Motion for Service of Process at Government Expense (Doc. 6) filed by Plaintiff Brooke L. Mosher. Mosher has filed a complaint naming Lauren Koebel Reed, her court-appointed special public defender, as the defendant. (Doc. 3). Mosher now seeks to proceed in this Court without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is satisfied from Mosher's affidavit that she is indigent. (Doc. 4). Mosher is not employed, and she has no monthly wages. (*Id.*). Mosher indicates that her

husband passed away on December 20, 2023, and that he financially supported her. (*Id.*). She also reports that she has no money in any bank accounts and the only personal property she owns is a vehicle worth $12,000. Based on this financial information, the Court finds that Mosher is indigent under 28 U.S.C. § 1915(a)(1).

But that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Here, Mosher alleges that Reed agreed to provide professional legal representation

for her as a court-appointed special public defender in a juvenile abuse case in Madison County, Illinois, but that Reed breached that agreement by failing to perform her necessary duties and responsibilities. (Doc. 3 at p. 4). She claims that Reed failed to adequately investigate the case, obtain important evidence and witnesses, respond to vital correspondence, and properly advocate for her defense during the proceedings. (*Id.*). This alleged failure to act caused Mosher and her minor child harm by leading to her wrongful confinement and loss of custodial and parental rights. (*Id.*). Mosher claims that Reed's breach of contract also resulted in numerous violations of her due process and equal protection rights, as well as her right to effective assistance of counsel. (*Id.*). As relief, Mosher seeks actual damages for the legal fees and costs incurred as a result of Reed's professional negligence and the violation of Mosher's rights. She also seeks punitive damages for Reed's intentional and/or willful misconduct, reckless disregard for her and her child's legal rights, and Reed's failure to fulfill her duties as a court-appointed advocate.

  As an initial matter, the Court can discern no basis in Mosher's complaint for federal subject matter jurisdiction. Mosher filed her complaint for breach of contract under 28 U.S.C. § 1332, which gives federal district courts original jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Here, Mosher alleges that both she and Reed are citizens of Illinois, which means the parties are not diverse for purposes of § 1332.

  Mosher also has not alleged any claims arising under the Constitution, laws, or treaties of the United States such that this Court would have federal question jurisdiction under 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1983, a plaintiff may bring an action against a defendant who has deprived her of a federal constitutional right if the defendant was acting

under color of state law. 28 U.S.C. § 1983. Liberally construing Mosher's complaint, she broadly claims that Reed's failure to act violated her due process and equal protection rights, as well as her right to effective assistance of counsel. As a court-appointed special public defender, however, Reed is not a state actor and cannot be sued under § 1983. "[P]rivate defense attorneys—even appointed public defenders who are paid by the state—are not considered state actors under § 1983." *Bartole v. Hughes*, No. 2:22-CV-257-PPS-JPK, 2022 WL 10542267, at *3 (N.D. Ind. Oct. 18, 2022) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) ("[A] court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983."). While Mosher may be able to bring a malpractice action against her attorney in state court, she cannot raise these claims under § 1983.

Because Mosher has alleged no basis for federal subject matter jurisdiction, the Court **DISMISSES** the Complaint (Doc. 3) **without prejudice**. Mosher shall have until **February 20, 2024,** to file an amended complaint that properly states a basis for federal subject matter jurisdiction. Until then, the Court **RESERVES RULING** on Mosher's Motion for Leave to Proceed *in forma pauperis* (Doc. 4), Motion for Recruitment of Counsel (Doc. 5), and Motion for Service of Process at Government Expense (Doc. 6).

**IT IS SO ORDERED.**

DATED:   January 19, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**