IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BROOKE L. MOSHER,** | |
| **Plaintiff,** | |
| v. | Case No. 3:24-CV-22-NJR |
| **LAUREN KOEBEL REED,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In 2022, the Illinois Department of Children and Family Services (DCFS) initiated child welfare proceedings against Plaintiff Brooke L. Mosher due to allegations of child abuse and neglect. (Doc. 9). At the conclusion of those proceedings, Mosher's parental rights were terminated, and her son was removed from her care. (*Id.*).

Mosher has now filed a civil lawsuit against Lauren Koebel Reed, the public defender appointed by the Circuit Court of Madison County, Illinois, to represent her in the juvenile abuse proceedings. (*Id.*). In her Amended Complaint, Mosher alleges Reed: provided ineffective assistance of counsel in violation of the Sixth Amendment; violated the Illinois Public Defender Act by failing to provide adequate representation; violated Mosher's right to due process under the Fourteenth Amendment by denying her the opportunity to present critical evidence in her defense; violated Mosher's right to counsel under the Illinois Constitution, Article I, Section 10; and violated Mosher's right to be free from the unreasonable seizure of her child under the Fourth Amendment. (*Id.*).

Pending before the Court are three motions filed by Mosher, including a Motion

for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4), a Motion for Recruitment of Counsel (Doc. 5), and a Motion for Service of Process at Government Expense (Doc. 6). Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying the required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Court previously addressed Mosher's Motion for Leave to Proceed IFP, finding that Mosher is indigent under 28 U.S.C. § 1915(a)(1). (Doc. 8). But as the Court explained, that does not end the inquiry. Under Section 1915(e)(2), the Court must screen the Amended Complaint and dismiss it if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Here, the Amended Complaint alleges that the Madison County court appointed Reed as Mosher's public defender for the juvenile abuse proceedings. (*Id.*). During the course of those proceedings, Mosher attempted to communicate with Reed via phone and email but received no response. (*Id.*). Because Reed failed to communicate, Mosher alleges, she was denied the opportunity to present evidence in her defense, including evidence that the allegations against her were baseless and motivated by malice. (*Id.*). Ultimately, a result of Reed's deficient representation, Mosher claims her parental rights

were terminated, and she lost custody of her child. (*Id.*). As relief, Mosher requests compensatory and punitive damages, a declaration that Reed's conduct violated her constitutional and statutory rights, and an order compelling the return of her child to her care. (*Id.*).

As an initial matter, this Court lacks jurisdiction to review state-court decisions, including those involving the termination of parental rights, under the *Rooker-Feldman* doctrine. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 396 (7th Cir. 2023). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). As the Seventh Circuit recently explained, while "the natural temptation for losing parties to keep fighting and to look for new forums" is understandable, "it is well established that federal district and circuit courts do not have jurisdiction to review such state court decisions." *Id.*

"The doctrine is limited to federal claims that 'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Id.* (quoting *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021)). To determine whether a plaintiff's federal claims are inextricably intertwined with the state court judgment, a district court must ask whether the plaintiff is alleging an injury caused by the state court judgment. *Id.*

Here, while Mosher frames her injuries as the violation of her constitutional rights by appointed counsel, the relief she seeks, in part, is an order compelling the return of her child to her care. In other words, she is asking this Court to reject the judgment of the

state court that terminated her parental rights. *Rooker-Feldman* prevents this Court from doing so. *See Hadzi-Tanovic*, 62 F.4th at 401 ("For a federal court to find that the state court deprived plaintiffs of their constitutional right to familial association, the federal court would have to find that the state court erred in applying state family law. This *Rooker-Feldman* forbids."); *see also Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019) (*Rooker-Feldman* applied where a finding for plaintiffs, who alleged that their animals were seized in violation of Fourth and Fourteenth Amendments, would "call into question the state court's judgment that there was probable cause the animals were being neglected"). The Court therefore lacks jurisdiction to provide the relief Mosher seeks, *i.e.*, a reversal of the state court order terminating her parental rights.

Mosher also, however, requests compensatory and punitive damages for Reed's deficient representation. Pursuant to 28 U.S.C. § 1983, a plaintiff may bring an action for money damages against a defendant who has deprived her of a federal constitutional right if the defendant was acting under color of state law. 28 U.S.C. § 1983. And Mosher's Amended Complaint alleges Reed violated her constitutional rights to due process and effective assistance of counsel.

As this Court previously explained, however, a court-appointed special public defender is not a state actor and cannot be sued under § 1983. "[P]rivate defense attorneys—even appointed public defenders who are paid by the state—are not considered state actors under § 1983." *Bartole v. Hughes*, No. 2:22-CV-257-PPS-JPK, 2022 WL 10542267, at *3 (N.D. Ind. Oct. 18, 2022) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) ("[A] court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983."). While Mosher may be able to bring a malpractice action against her attorney in state court, she cannot raise these claims under § 1983.

Finally, to the extent Mosher is seeking a declaration that Reed violated her constitutional and statutory rights, the Court finds there is no actual controversy within its jurisdiction that would allow the Court to declare the parties' rights. *See Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) ("Declaratory judgment actions are ripe and otherwise justiciable when the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

Because it is clear that Mosher cannot state a claim that is properly raised under this Court's jurisdiction, the Amended Complaint (Doc. 9) is **DISMISSED with prejudice**. The Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 4), Motion for Recruitment of Counsel (Doc. 5), and Motion for Service of Process at Government Expense (Doc. 6) are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED: May 22, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**